# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**KELLEAN TRUESDALE,**
**Individually and on behalf of others**
**similarly situated,**

      **Plaintiff,**

**v.**                                                  **Case No: 5:13-cv-552-Oc-PRL**

**CLAYTON THOMAS, individually,**
**CHRIS BLAIR, individually and in his**
**official capacity of Sheriff of Marion**
**County, JULIE JONES, in her official**
**capacity as Director of the Department of**
**Highway Safety and Motor Vehicles, and**
**GERALD BAILY,  in his official capacity**
**as Commissioner of the Florida**
**Department of Law Enforcement,**

      **DefendantS.**

---

## ORDER

Plaintiff brings this action for injunctive relief and monetary damages under the Driver's Privacy Protection Act of 1994 (DPPA), 18 U.S.C. §§ 2721-2715, 42 U.S.C. § 1983 and state laws to recover for "Defendants' disregard for and invasion of the Plaintiffs' personal privacy rights and interests."  (Doc. 1, ¶ 1).  This matter is currently before the Court for consideration of Defendants Gerald Baily and Julie Jones' Motion to Stay Discovery and Requirements of Local Rule 3.05 (Doc. 8), and Defendant Chris Blair's similar motion (Doc. 15).

The Defendants ask that the Court relieve the parties of the obligation to meet to prepare a Case Management Report, and to conduct discovery, until after the Court rules on pending motions to dismiss.  There are currently motions to dismiss pending on behalf of Defendants

Baily, Jones, and Blair.  (Docs. 4, 13).  Defendants contend that they should not have to begin discovery, because their pending motions to dismiss are due to be granted and will dispose of the case.  Defendants' motions assert, among other arguments, Plaintiff's lack of standing to challenge the Driver's Privacy Protection Act.  (Doc. 8, 1-2).  Plaintiff has responded that, although she opposes a lengthy stay, she has no objection to a stay through February 2014, as the case will not progress in any event until after all Defendants respond to the complaint.  (Doc. 12).

The Court, however, cannot adequately manage the progress of litigation when deadlines are contingent on rulings on motions.  Accordingly, the Defendants' motions to stay (Docs. 8 and 15) are **GRANTED IN PART**, and it is **ORDERED** that the meeting to prepare the Case Management Report, at which point discovery may begin, shall be held no sooner than March 19, 2014.  If the pending motions to dismiss have not been resolved by then, the parties may file an additional motion at that time seeking relief.

Lastly, Defendant Blair notes in his motion that there is another case in this District alleging violations of the DPPA, namely Ela v. Orange County Sheriff's Office, Case No. 6:13-cv-491.  Accordingly, the parties are reminded of their obligations under Local Rule 1.04(d) to notify the Court of any pending related cases or proceedings, by way of a "Notice of Pendency of Related Actions," appropriately filed in each such pending case.

**DONE** and **ORDERED** in Ocala, Florida on January 7, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties