UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KELLEAN K. TRUESDELL, individually
and on behalf of others similarly situated**

    Plaintiff,

v.                                                                                      Case No: 5:13-cv-552-Oc-10PRL

**CLAYTON THOMAS and CHRIS
BLAIR**

    Defendants.

## ORDER

This case is before the Court for consideration of Plaintiff's Motion to Compel Production of Electronically Stored Data (Doc. 72), to which Defendant Blair has responded (Doc. 84), and Plaintiff has filed an additional reply brief. (Doc. 90). On April 16, 2015, a hearing was held on Plaintiff's motion and the Court heard arguments of counsel. Upon due consideration, and because Plaintiff already has documents containing the substance of the information sought, Plaintiff's motion is due to be denied.

**I.    BACKGROUND**

Plaintiff brings this action against former Marion County Sheriff's Office ("MCSO") deputy Clayton Thomas; the Sheriff, Chris Blair, individually; and the Sheriff's Office itself (through Sheriff Blair in his official capacity)[1] under the Driver's Privacy Protection Act of 1994,

---

[1] Plaintiff's suit against the Sheriff in his "official" capacity is merely a suit against the Marion County Sheriff's Office. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("In contrast to individual capacity suits, when an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent.") (quotations and citations omitted).

18 U.S.C. §§ 2721, *et seq.* (DPPA), 42 U.S.C. § 1983 for violations of her federal privacy rights as created by DPPA, and state law, because, as she alleges, Thomas accessed her personal information without any lawful purpose, Sheriff Blair allegedly played some direct role in this violation, and the Sheriff's Office allowed it to happen. The factual and legal claims have been fully summarized in the Court's previous Report and Recommendation (Doc. 76) regarding class certification. On March 17, 2015, the District Judge adopted the Report and Recommendation (Doc. 83), and denied Plaintiff's motion to certify a class. Accordingly, this action is now proceeding only as to Plaintiff Kellean Truesdell's individual claims.

Plaintiff has moved to compel production of electronically stored data, specifically the electronic version (including metadata) of Defendant Thomas' DAVID usage history. This information has already been produced in discovery in the form of approximately 1500 printed pages.

Plaintiff argues that she is entitled to the electronic version of this data under Rule 34(e)(ii), Fed. R. Civ. P., which directs a party to produce a document in a format "in which it is ordinarily maintained or in a reasonably useable form or forms." Plaintiff maintains that the format in which the DAVID usage has been produced (1500 printed pages) is not reasonably useable because it is not searchable. Plaintiff contends that the metadata is relevant to multiple issues in the case, including to demonstrate that Thomas was motivated by a prurient interest in women and spent many hours searching their personal information. Plaintiff argues this motivation is relevant to punitive damages, to rebut the Sheriff's anticipated argument that usage was for a proper law enforcement purpose, and to demonstrate that Thomas' misuse could and should have been detected by the Sheriff.

The Sheriff, in turn, argues that the information has already been produced and that it need not be produced again. The Sheriff also argues, now that the case is proceeding only as to Plaintiff Truesdell's individual claim, there is no basis to require production of the electronic version of the DAVID history.

## II. LEGAL STANDARDS

The Court has broad discretion under Rule 26, Fed. R. Civ. P., to control discovery. *Josendis v. Wall to wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-7 (11th Cir. 2011). Subject to the limitations of Rule 26(b)(2)(C), Rule 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any parties claim or defense." *See* Rule 26, Fed. R. Civ. P. While the Rule is broad enough to allow for discovery that goes beyond material that is relevant to the parties claims or defenses, "so long as it is relevant to the subject matter of the action", the Amendment is 2000 was intended to signal to the parties "that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. *See* Rule 26, Fed. R. Civ. P., Comment, 2000 Amendment, Subdivision (b)(2). Accordingly, as the Advisory Committee Notes to the 2000 Amendment state: "When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action." *Id.*

## III. DISCUSSION

Plaintiff seeks to compel an electronic version of Defendant Thomas' search usage – the substance of which she concedes has already been produced in the form of approximately 1500 printed pages. Indeed, during the hearing on her motion, Plaintiff's counsel was unable to identify any information that could be gleaned from the electronic version that is not ascertainable from the printed pages. Further, despite deposing the Sheriff's Investigator who reviewed the data

during his investigation, Plaintiff's counsel did not question the investigator about whether he used the electronic data or the paper version, as the Sheriff's counsel suggests.

Instead, Plaintiff's argument is that she would be entitled to the electronic data under Rule 34(e)(ii), and that the printed pages are inferior to the electronic version because they are not easily searchable. Plaintiff contends that she should not have to endure the burden and expense of sifting through the data (or creating a searchable database herself) when the Sheriff's office could simply copy the electronic data and provide it.

Why exactly Plaintiff (who is now proceeding only as to her individual claim) wishes to search the entire database (as opposed to some limited period), or create her own database, is somewhat uncertain. Plaintiff argues that she would establish Deputy Thomas' prurient interest in women as demonstrated by his DAVID search patterns, and that this information is relevant, at a minimum, to her claim for punitive damages under the DPPA. Yet, the only claims remaining are Plaintiff Truesdell's individual claims, and counsel has represented that Thomas searched Plaintiff's personal information on a single date – June 8, 2011. Thus, the prurient interest theory is irrelevant to liability on the DPPA claim against Thomas and Sheriff Blair, as well as the derivative Section 1983 claims against them, as an unlawful search is sufficient to establish the violation, whether or not prurient interests were involved. And, as to a custom or policy claim under Section 1983 against the Sheriff's Office, the printed information is not as cumbersome as Plaintiff suggests because the only relevant period would be from July 10, 2010 (the date the data begins) through June 8, 2011 (when Plaintiff was searched).

Even as to punitive damages, it is unclear what information would be gleaned from the electronic database between July 20, 2010 and June 8, 2011 (the only relevant period) that cannot otherwise be gleaned from the paper record, or even how some prurient interest as to others would

establish punitive damages as to this <u>individual Plaintiff</u>.  To recover punitive damages under the DPPA, a plaintiff must show that the defendant acted with "willful or reckless disregard of the law" – that is, that "'a party appreciated it was engaging in wrongful conduct' under the DPPA." *See Pichler v. UNITE,* 542 F.3d 380, 397 (3d Cir. 2008); *see also English v. Parker*, 2011 WL 1842890 (M.D. Fla. May 16, 2011) (granting summary judgment on punitive damages claim where Sheriff's Deputy used his work computer to conduct unauthorized searches regarding his maternal uncle, but where the record failed to show the Deputy knew of the existence of the DPPA).

Despite the narrowing of issues resulting from the Court's recent ruling denying class certification, Plaintiff maintains that the entirety of Thomas' DAVID search history is relevant.  Counsel represented that the history contains data regarding Thomas' DAVID usage from July 10, 2010 through June 3, 2013.  Thomas searched Plaintiff's personal information in the middle of this time period – on June 8, 2011.  Accordingly, as stated, any data regarding searches conducted by Thomas after June 8, 2011 can be of little or no relevance to Plaintiff's individual claims.

To the extent that the Court would be inclined to order a production of the electronic data for a limited time period (for example, for the period between July 10, 2010 through June 8, 2011), practical considerations weigh against such an order.  As counsel explained during the hearing, the data in dispute originated from the Department of Highway Safety and Motor Vehicles ("DHSMV"), not the Marion County Sheriff's Office.  Although the Marion County Sheriff's Office has a disk containing the data (which was provided by the DHSMV), counsel represented that it has no ability to manipulate the data for a limited production.  Although Plaintiff could have subpoenaed the electronic data directly from the DHSMV, she has not done so.

Further, counsel for Plaintiff was unable to identify any information that is contained in the electronic version that is not also contained in the printed pages.  In other words, Plaintiff

- 6 -

already has the information she seeks, and, if she chooses, could use that information in support of her claims or defenses. Even if, as Plaintiff argues, the evidence is necessary for purposes of impeachment or corroboration, Plaintiff can use the printed data that has already been disclosed for those purposes.

## IV. CONCLUSION

For the reasons stated above, and in light of the narrowing of issues resulting from the Court's recent ruling denying class certification, Plaintiff's Motion to Compel Production of Electronically Stored Data (Doc. 72) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on April 30, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties