UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KELLEAN K. TRUESDELL,**
**individually and on behalf of others**
**similarly situated**

    Plaintiff,

v.                                                        Case No: 5:13-cv-552-Oc-10PRL

**CLAYTON THOMAS and CHRIS**
**BLAIR**

    Defendants.

## ORDER

Candidly, the issue presently before me – i.e., Plaintiff's motion to dissolve the stay deferring a ruling on her request for attorney's fees and costs – is an invited one. Following judgment in favor of Plaintiff under 42 U.S.C. § 1988 and 18 U.S.C. § 2724(b)(3), Plaintiff sought an award of attorney's fees in the amount of $186,403.25, and reasonable litigation costs in the amount of $16,008.72. (Doc. 154). Shortly after Plaintiff's motion for fees and costs was filed, Defendants sought a stay pending appeal. (Doc. 155). I granted Defendants additional time to respond, but noted that "absent agreement by the parties, the Court is disinclined to grant Defendants' request for what amounts to an indefinite extension of time." (Doc. 156). Defendants then renewed their motion *without opposition from Plaintiff* (Doc. 163), and that request was granted (Doc. 164). Specifically, Defendants were granted an unopposed extension of time to reply to Plaintiff's motion for fees and costs *until 30 days after the resolution of all appeals*, or if no appeal is filed, 30 days after all appellate filing deadlines have passed. (Doc. 164).

- 2 -

In early October 2016 each party filed its notice of appeal. Pursuant to the Court's earlier Order (Doc. 164), this meant that the defendants would have until 30 days after the resolution of the appeals to respond to Plaintiff's motion for fees and costs. In mid-October, however, I held a status conference in the case because the motion for fees and costs (though stayed) had been referred to me (see Doc. 166). At the status conference I confirmed that the Defendants still sought the stay and I asked Plaintiff of her position. In short, Plaintiff reported efforts to settle the case with Defendants, that it could be beneficial to brief and resolve her motion now, but that Plaintiff (stated of course through counsel) did not have a strong position on resolving it now versus continuing the stay and resolving it after the appeal. Perhaps this should have been enough to let the issue lie.

Instead, in my Order on the status conference I noted the plausibility of Defendants' arguments for the stay – i.e., that any ruling on appeal in their favor would likely alter (perhaps significantly) the issue of fees and costs – and directed that they need not further brief that particular issue as had been discussed at the status conference. But since no further briefing by Defendants was forthcoming, I afforded Plaintiff one final opportunity to contest the stay, and she took it (though she had not otherwise been asking for it). In that way, I say that this issue was invited. And now that we are here, I will address it.

In her motion to dissolve the stay, Plaintiff contends that although the current appeal has the potential to impact the issue of fees and costs, the likelihood that the appeal will actually impact the amount is remote, as she anticipates prevailing on the issues raised by the defendants; thus, she submits that ruling on the motion should not be delayed any further (Doc. 179). Both Defendants have responded to Plaintiff's motion.

- 3 -

Both Defendants argue, as they did at the status conference, that in light of an offer of judgment made earlier in the case to Plaintiff, if either Defendant prevails on one of their issues on appeal, then they will "hit" on the offer of judgment, which will significantly impact (limit) Plaintiff's recovery of fees and costs. (Doc. 185 & 187). Indeed, Defendant Thomas argues persuasively in favor of deferring the attorney's fees and costs issue until the appeal is resolved on this basis, among others. As Thomas explains, the issues raised on appeal include that pursuant to the Driver's Privacy and Protection Act ("DPPA") the liquidated damages award should be limited to $2,500, and that the punitive damages award against the Sheriff should be stricken as a matter of law. (Docs. 157 & 187.) He contends that in this developing area of the law that legitimate and compelling arguments will be presented on behalf of Defendants to the Eleventh Circuit and explains that if the Eleventh Circuit reduces the liquidated damages amount *or* reverses the award of punitive damages against the Sheriff, the amount of the judgment will be reduced below the amount of the Offer of Judgment. And this reduction will affect the amount of attorney's fees and costs to which the Plaintiff may be entitled. (Doc. 187).

Defendants maintain that if they prevail on their either of their issues they will be moving for attorney's fees and costs from June 9, 2015 forward, based upon the offer of judgment. (Doc. 187). According to Thomas, if the current stay is lifted those fees and costs would be a deduction from the amount awarded to Plaintiff. Thomas argues:

> Rather than expending the time and expense to decide the amount of the Plaintiff's award at this time, and then possibly having another set of post-appeal pleadings and hearings to decide the amount awardable to the Defendants, and so deducted from the Plaintiff's award, it would be more economical for the Court and the parties to wait until the appeal is concluded to address these issues.

(Doc. 187). Defendant Thomas further notes that Plaintiff has also filed an appeal, and the Eleventh Circuit's decision, together with the Offer of Judgment, may drastically change the parties' entitlement to attorney's fees and costs.

Generally speaking, courts in this circuit typically decline to stay matters collateral to a final judgment, such as matters involving fees or costs issues, to avoid piecemeal appeals. *See e.g.*, *King Cole Condominium Assoc. v. QBE Ins. Corp.*, No. 08–23350–CIV, 2010 WL 3212091, \*1 (S.D. Fla. Aug. 12, 2010). An exception, of course, occurs when both parties are in agreement to stay the issues pending appeal. *See id.* Until recently, that exception applied in this case as all parties were in agreement regarding postponing the attorney's fees and costs issue pending resolution of the appeal. As reflected in the parties' recent filings (Docs. 179, 185 & 187), however, the parties are obviously no longer in agreement regarding postponing the issue pending appeal.

Nonetheless, deferring ruling on a motion for attorney's fees and costs pending an appeal is a matter within the court's discretion, and courts will defer ruling in the interests of judicial economy. *See, e.g., Hipp v. Liberty Nat'l Life Ins. Co.*, 65 F. Supp. 2d 1314, 1323 (M.D. Fla. 1999) ("In the interests of judicial economy, the Court will … defer ruling on costs and attorneys' fees until all appeals have been resolved"), *aff'd in part, rev'd on other grounds in part*, 252 F.3d 1208 (11th Cir. 2001); *see also Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) ("…rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal,…the district court wisely deferred ruling on attorney's fees and costs pending appeal"), *cert. denied*, 489 U.S. 1081 (1989).

While the Court would typically be disinclined to defer ruling based on the likelihood that the judgment entered by the District Judge (and the Order declining to amend the judgment (Doc. 165)) would be disturbed on appeal, Defendants present a persuasive argument that, based on the appeals filed by *all* parties, attorney's fees and costs will need to be recalculated, even if Plaintiff remains entitled to such an award.  Further, the Court notes that an award of attorney's fees and costs at this time would require payment of that award, which could be substantial.  Deferring ruling on the issue of attorney's fees and costs would avoid the risk of having to effectuate recalculation, repayment, reimbursement or an offset of such an award later.  Finally, the Court notes that at the recent hearing held on October 13, 2016, the parties stated they were exploring the possibility of settlement.

The better part of wisdom here appears to weigh in favor of continuing to defer ruling until attorney's fees and costs can be definitely determined.  Indeed, attorney's fees and costs motions tend to be tedious and time consuming, both for the parties as well as for the Court – a fact which is evidenced by the parties' initial agreement to delay ruling and agree to the Defendants' request for an extension of time to respond to Plaintiff's motion pending the appeal.  And, I'll conclude where I started, that this issue was really one that the Court invited.  It wasn't until after the status conference, and only after being offered a second opportunity to voice objection, that Plaintiff sought to dissolve the stay.  Until that time the parties had agreed to the stay and nothing has happened to alter that agreement or the Order that resulted from it (Doc. 164), deferring briefing and a ruling until 30 days after the appeal is resolved.

For these reasons, and in the interests of efficiency and economy, both for the Court and the parties, I am persuaded to continue to defer ruling on Plaintiff's motion for attorney's fees and costs.  Accordingly, Plaintiff's motion to dissolve the stay (Doc. 179) is **DENIED**, and the Court

- 6 -

will continue to defer ruling on Plaintiff's motion for costs and attorney's fees until resolution of the appeal.

It shall be the obligation of **all parties**, **within 10 days of the resolution of the appeal**, to file an appropriate **motion**, if necessary, to dissolve the stay and reopen the motion for attorney's fees.[1]  The **clerk** is directed to terminate the motion for fees and costs at this time.

**DONE** and **ORDERED** in Ocala, Florida on December 5, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The parties should note that the filing of a <u>motion,</u> as opposed to a notice or other document, is <u>required</u> in order to trigger the Court's attention to the matter on the docket.  The Court will not dissolve the stay on the motion for fees and costs and initiate any further action on it in the absence of a new motion by the parties to do so.